SWAIN & DIPOLITO LLP
FRANK X. DIPOLITO (137157)
JOHN G. NURSALL (134392)
555 East Ocean Boulevard, Suite 400
Long Beach, California 90802-5052
Telephone: (562) 983-7833
Facsimile: (562) 983-7835
E-mail: fdipolito@swaindipolito.com

Attorneys for Defendant
GRAEBEL COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>GRAEBEL COMPANIES, INC.; and DOES 1-10, inclusively,<br><br>　　　　　　Defendants. | Case No. CV 07 6269 JCS<br><br>Honorable Joseph C. Spero<br><br>GRAEBEL COMPANIES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES |

　　Defendant Graebel Companies, Inc. ("Graebel"), for itself and no other party, and for its Answer to the Complaint for Damages, admits, denies, and alleges as follows:

　　1.　Graebel is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and upon such ground, denies same.

　　2.　Graebel admits that it is or was in the business of shipping goods and freight and is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint thereof, and upon such ground, denies same.

3.   Graebel is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and upon such ground, denies same.

4.   Graebel is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and upon such ground, denies same.

5.   Graebel admits that it is a business entity with its principal place of business in the state of Colorado and denies the remaining allegations contained in paragraph 5 of the Complaint.

6.   Graebel is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and upon such ground, denies same.

7.   Graebel is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and upon such ground, denies same.

8.   Graebel denies the allegation contained in paragraph 8 of the Complaint to the extent that they are directed against it.

9.   Graebel denies the allegations contained in paragraph 9 of the Complaint to the extent that they are directed against it.

10.   Graebel denies the allegations of paragraph 10 of the Complaint to the extent they are directed against it, and specially denies that plaintiff has been damaged in excess of $1,000,000.00.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

///

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks capacity to sue, standing to sue, and/or is not the proper party plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and its insured failed to submit a claim timely and/or properly.

## FOURTH AFFIRMATIVE DEFENSE

Bills of lading were issued and accepted by plaintiff or its agent for the carriage alleged in the Complaint. To the extent that Graebel has any responsibility for, or liability in connection with, the carriage, such liability is subject to each and every limitation of, and exemption from, liability contained in the various terms of the bills of lading, on each of which Graebel relies without further specification thereof. Graebel alleges upon information and belief that if any loss or damage occurred to the cargo as alleged in the Complaint, the loss or damage was proximately caused by one or more of the causes for which Graebel is exempted from liability under the various terms of the bills of lading.

## FIFTH AFFIRMATIVE DEFENSE

The loss or damage occurring to the subject goods, if and to the extent such in fact occurred, which is denied, was wholly or in part caused by the carelessness, negligence, and/or intentional acts or conduct of persons, firms, corporations, or entities other than Graebel and for whose conduct Graebel is not responsible. Graebel further alleges that these persons, firms, corporations or entities other than Graebel, are at fault and responsible in some manner for the loss alleged by plaintiff and

that said fault comparatively reduces the percentage of fault, if any, of Graebel.

### SIXTH AFFIRMATIVE DEFENSE

The loss or damage occurring to the subject goods, if and to the extent that such in fact occurred, which is denied, was actually and proximately caused by the active and affirmative negligence of plaintiff or other persons, firms, corporations, or entities other than Graebel, and Graebel's negligence, if any, was passive in nature. Graebel, therefore, alleges that plaintiff's insured or other persons, firms, corporations, or entities are primarily liable for any damages which may have given rise to this action herein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and its insured have failed to mitigate their damages, if any, and Graebel invokes the doctrine of avoidable consequences.

### EIGHTH AFFIRMATIVE DEFENSE

Any loss or damage to the subject goods alleged in the Complaint occurred before they were accepted by the carriers or after they were delivered to the consignee and/or its agents, servants, and employees.

### NINTH AFFIRMATIVE DEFENSE

Graebel's liability, if any, is limited to $0.60 per pound/per item of the subject goods pursuant to contract.

### TENTH AFFIRMATIVE DEFENSE

Graebel's liability, if any, is limited to an agreed sum set forth in the applicable bills of lading or other applicable contract or tariff.

ELEVENTH AFFIRMATIVE DEFENSE

As a matter of law, Graebel cannot be held vicariously liable for the criminal and/or intentional acts or conduct, if any, of any party, their respective agents, servants, and employees, or any other persons or entities.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is preempted by applicable federal law, including the Carmack Amendment, 49 U.S.C. § 14706.

THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to join necessary and/or indispensable parties.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel by negligence, estoppel by the negligence of its insured, agents, servants, and employees, or unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE

The alleged loss of cargo was caused by a superseding cause for which Graebel is not liable.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming damages for the goods that plaintiff accepted without exception.

SEVENTEENTH AFFIRMATIVE DEFENSE

Graebel exercised reasonable care at all times in connection with the shipment alleged in the Complaint. Graebel is not responsible for any loss caused by any cause or event which could not be avoided and the consequence of which could not be prevented by the exercise of reasonable diligence.

///

1  EIGHTEENTH AFFIRMATIVE DEFENSE

2  Any liability of Graebel for the loss of cargo alleged in
3  the Complaint is subject to and limited by the terms and
4  conditions of the applicable bills of lading, invoices, tariffs,
5  and/or other agreements, and in accordance with the rates,
6  classifications, rules and practices of Graebel.

7  NINETEENTH AFFIRMATIVE DEFENSE

8  The loss, if any, occurred as a result of an act or omission
9  of the shipper or its agents, without any intervening action on
10  the part of Graebel.

11  TWENTIETH AFFIRMATIVE DEFENSE

12  The loss, if any, occurred as a result of an Act of God,
13  insufficient packaging of the cargo by the shipper, an inherent
14  vice of the goods, defect in quality of the goods, or other cause
15  for which Graebel is not responsible.

16  TWENTY-FIRST AFFIRMATIVE DEFENSE

17  Plaintiffs' claims are time-barred by operation of law, to
18  include, but not limited to, California Code of Civil Procedure
19  Sections 337 and 339, 49 U.S.C. § 14706, and/or the terms and
20  conditions of any of the applicable contracts.

21  TWENTY-SECOND AFFIRMATIVE DEFENSE

22  Graebel invokes the benefit of any forum selection,
23  arbitration, or alternative dispute resolution clause set forth
24  in the applicable contract(s) of carriage.

25  TWENTY-THIRD AFFIRMATIVE DEFENSE

26  Pursuant to the terms and conditions of the bills of lading
27  and/or the applicable statutes, including, but not limited to,
28  ///

Graebel Companies, Inc.'s Answer to Complaint for Damages

the Carmack Amendment, 49 U.S.C. § 14706, Graebel's liability, if any, is limited to actual loss, if any, to the cargo.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Graebel's liability, if any, is subject to all the terms and conditions of the applicable bills of lading, including all the exceptions, exclusions and limitation contained in the subject bills of lading.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Pursuant to the Insurance and Subrogation section of the applicable bills of lading, Graebel was provided the full benefit of any insurance that may have been effected on account of the subject goods, including any insurance provided by plaintiff.

WHEREFORE, defendant Graebel Companies, Inc. prays as follows:

1. That plaintiff take nothing by its Complaint on file herein, and that said Complaint be dismissed with prejudice;
2. For an award of court costs; and
3. For such further relief as this Court may deem just and appropriate.

DATED:   December 17, 2007

SWAIN & DIPOLITO LLP

By: _____
FRANK X. DIPOLITO
Attorney for Defendant,
GRAEBEL COMPANIES, INC.

**DECLARATION OF SERVICE**

I, the undersigned, certify and declare as follows:

I am employed in the County of Los Angeles, State of California and am over the age of eighteen and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 400, Long Beach, California 90802-5052.

On December 17, 2007, I served the foregoing *GRAEBEL COMPANIES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES* as follows:

[ ]  by personal delivery of a true copy thereof to:

[√]  by e-filing and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Long Beach, California, addressed as follows:

> Tenny Mirzayan, Esq.
> COZEN O'CONNOR
> 777 South Figueroa Street, Suite 2850
> Los Angeles, CA 90017

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[√]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 17, 2007 in Long Beach, California.

_____
Frank Dipolito