Tenny Mirzayan
California Bar No. 233471
COZEN O'CONNOR
777 South Figueroa Street
Suite 2850
Los Angeles, California 90017
Telephone: 213.892.7900
Toll Free Phone: 800.563.1027
Facsimile: 213.892.7999

Attorneys for Plaintiff
Lexington Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | Case No.: C 07-6269 MHP |
| Plaintiff, | (Assigned to the Hon. Marilyn Hall Patel, Courtroom 15) |
| vs. | **NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE** |
| GRAEBEL COMPANIES, INC.; and DOES 1-10, inclusively, | |
| Defendants. | Date: March 31, 2008<br>Time: 4:00 p.m.<br>Place: Courtroom 15 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the attached Clerk's Notice, a case management conference in the above-referenced case has been scheduled for Monday, March 31, 2008 at 4:00 p.m. before the Hon. Marilyn Hall Patel in Courtroom 15 of the U. S. District Court located at 450 Golden Gate Avenue, San Francisco, CA 94102. A Joint Case Management Statement containing the information specified in the attached Standing Order is required to be filed by March 21, 2007.

DATED: January 10, 2008

COZEN O'CONNOR

By: _____
TENNY MIRZAYAN
Attorneys for Plaintiff
LEXINGTON INSURANCE COMPANY

1
NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INS. CO., | No. C 07-06269 MHP |
| Plaintiff(s), | **CLERK'S NOTICE** |
| v. | **(Scheduling Case Management Conference in Reassigned Case)** |
| GRAEBEL COMPANIES, | |
| Defendant(s). | |

This case, having been reassigned to the Honorable Marilyn Hall Patel and all pending hearing dates thus vacated, is hereby scheduled for a case management conference on **Monday, March 31, 2008, at 4:00 p.m.** A Joint Case Management Statement is due ten days prior to the conference. Plaintiff is responsible for forwarding a copy of the form for the Joint Case Management Statement on all defendants, and shall also serve a copy of this notice on all defendants.

Richard W. Wieking
Clerk, U.S. District Court

Dated: January 9, 2008

Anthony Bowser, Deputy Clerk to the
Honorable Marilyn Hall Patel
(415) 522-3140

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.   Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.   Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.   Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.   Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.   Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Case 3:07-cv-06269-MHP    Document 11    Filed 01/10/2008    Page 5 of 5

*Lexington Insurance Company v. Graebel Companies, Inc., et al.*
United States District Court, Northern District of Calif. Case No. CV 07-6269

# PROOF OF SERVICE

**STATE OF CALIFORNIA    )  s.s.
COUNTY OF LOS ANGELES )**

      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 777 South Figueroa Street, Suite 2850, Los Angeles, California 90017-5400.

      On January 10, 2008, I served the document **NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE** on interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Frank X. Dipolito, Esq.<br>John G. Nursall, Esq.<br>Swain & Dipolito, LLP<br>555 East Ocean Blvd., Suite 400<br>Long Beach, CA 90802-5052 | *Attorneys for Defendant, Graebel Companies, Inc.*<br>Telephone:    562.983.7833<br>Facsimile:    562.983.7835<br>E-mail:    fdipolito@swaindipolito.com |

☒    BY MAIL. I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States postal Service in a sealed envelope with postage fully prepaid.

☐    BY PERSONAL SERVICE. I caused such envelopes to be delivered by hand to the offices of the addressee.

☐    BY FEDERAL EXPRESS. I enclosed true and correct copies of said document(s) in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.

☐    BY FACSIMILE. I caused such documents to be sent to the address above via the facsimile number indicated:    .

☒    ELECTRONIC: I submitted an electronic version of the document via upload to Electronic Court Filing pursuant to the Court's Order.

      Executed on January 10, 2008, at Los Angeles, California.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Gregory H. Kuhl