```
PHILIP A. FANT (SBN 154600)
COZEN O'CONNOR
425 California Street, Suite 2400
San Francisco, California 94104
Telephone: 415.617.6100
Facsimile: 415.617.6101

E-Mail: pfant@cozen.com

Attorneys for Plaintiff
LEXINGTON INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) | Case No.: C07-06269 MHP |
| Plaintiff, ) | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. ) | Case Management Conference |
| GRAEBEL COMPANIES, INC, ) | Date: March 31, 2008 |
| Defendant. ) | Time: 4:00 p.m. Courtroom: 15 |

    1. The court has subject matter jurisdiction under 28 U.S.C. §§1331, 1332, and 1337. The sole defendant has been served. There are no issues concerning personal jurisdiction or venue.

    2. Plaintiff Lexington Insurance Company is the property insurer of Sanford Kellman, an individual currently residing in Martinez, California. Defendant Graebel is an interstate carrier of household goods for hire. On or about November 21, 2006 and subsequent dates, Defendant Graebel transported Sanford Kellman's furniture and other household goods from Sammamish, Washington, to Martinez, California, pursuant to an Estimate of Charges – Binding and three bills of lading, numbered A672395, A672396, and A672397 . Sanford Kellman subsequently claimed to plaintiff that his furniture and household goods were damaged and lost in transit and he submitted to plaintiff an insurance claim for those damages. Plaintiff has consequently paid Sanford Kellman over a million dollars to date and seeks to recover those payments from defendant.

1

3. Defendant contends, among other things, that: 1) Sanford Kellman accepted delivery of his furniture and household goods noting very few exceptions; 2) Defendant did not receive written notice of claim within nine months of delivery, as required by its bills of lading and tariff, and that the action is consequently time-barred; and 3) Defendant's liability for damages, if any, is contractually limited to 60 cents per pound per item.  Plaintiff contends that defendant was given written notice of claim within nine months and that defendant is not entitled to limitation of liability in this case because Sanford Kellman did not acknowledge such limitation on the face of the bill of lading as stipulated by the terms and conditions of the bill of lading.

4. No motions are presently pending.  Defendant's counsel intends to move for summary judgment on the legal issues set forth above.

5. Counsel do not anticipate amendment of pleadings.

6. The parties have taken steps to preserve evidence pertinent to this case.

7. The parties have agreed to make their respective initial disclosures by March 21, 2008.

8. No discovery has been taken by any party to date.  The parties anticipate taking discovery on the existence and extent of damages, as well as the legal issues set forth above.  Neither party proposes any limitations or modifications of the discovery rules.  The parties propose the following discovery plan:  Non-expert discovery cut-off:  11-1-08; Expert discovery cut-off:  12-15-08.

9. This is not a class action.

10. This action was removed from Contra Costa Superior Court.

11. Plaintiff seeks damages in the amount of its indemnity payments to Sanford Kellman, which currently total over a million dollars.

12. The parties have stipulated to mediation and that stipulation has been filed with the court.  Counsel have had settlement discussions.

13. Plaintiff does not consent to the assignment of this matter to a Magistrate Judge.

14. Counsel do not believe that this matter is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Counsel believe that issues will be narrowed by the contemplated motions for summary judgment.

16. Counsel do not believe that this matter should be handled on an expedited basis.

17. Counsel propose the following dates:  designation of experts-November 15, 2008; hearing of dispositive motions-February 1, 2009; pre-trial conference-March 1, 2009; trial-March 15, 2009.

18. Neither Plaintiff nor Defendant requested a jury.

19. The parties have filed a Certification of Non-party Interested Entities or Persons. Pursuant to Civil L.R. 3-16, the parties re-certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff:

1. Lexington Insurance Company;
2. AIG Insurance Group;
3. Sanford Kellman.

Defendant:

1. Graebel Companies, Inc;
2. Graebel Holdings, Inc. - parent corporation of defendant Graebel Companies, Inc.;
3. Fireman's Fund Insurance Company - insurer of Graebel Companies, Inc.

20. Counsel are not aware of any other matters which would facilitate the just, speedy and inexpensive disposition of this matter.

DATED: March 20, 2008                                        COZEN O'CONNOR


                                                          By: _____
                                                              PHILIP A. FANT
                                                              Attorneys for Plaintiff
                                                              LEXINGTON INSURANCE COMPANY

DATED: March 20, 2008                                        SWAIN & DIPOLITO LLP


                                                          By: _____
                                                              FRANK X. DIPOLITO
                                                              Attorneys for Defendant
                                                              GRAEBEL COMPANIES, INC.